

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

August 16, 2021

**Charles Anton George, Esq.**
George Law Firm, LLC
Maritime Law Group
P.O. Box 354
MT. Pleasant, SC 29465-0354

**Dennis E. Boyle, Esq.**
**Blerina Jasari, Esq.**
1050 Connecticut Ave, Suite 500
Washington, DC 20036

      Re:    *United States v. John Hubert Getsinger, Jr. and Stacie Ann Hargis-Getsinger,*
              Case No. 1:21-mj-00466-RMM

Dear Counsel:

      This letter summarizes the discovery that was served by **USAFx** in this case on August 16, 2021 through USAfx consisting of a video that includes the defendants on U.S. Capitol grounds on January 6, 2021.

a.    A screen shot of the file is below-



Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the government anticipates that a large volume of materials may contain information relevant to this prosecution. These materials may include, but are not limited to, surveillance video, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, and citizen tips. The government is working to develop a system that will facilitate access to these materials. In the meantime, please let me know if there are any categories of information that you believe are particularly relevant to your client.

Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1.

I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16. I will provide timely disclosure if any such material comes to light. Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

Some defense counsel in the Capitol Breach cases have requested information that they claim suggests a member (or members) of law enforcement allowed people to enter or remain in the Capitol or on restricted grounds, acted friendly or sympathetic to the rioters, or otherwise failed to do their jobs. As an initial matter, we do not believe that such information is exculpatory as to guilt or punishment within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1973). Nevertheless, the government possesses some information that arguably could be responsive to these requests. Out of an abundance of caution, the government will be making such information available to you, if it has not done so already.

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries. I also request that defendant disclose prior statements of any witnesses defendant intends to call to testify at any hearing or trial. See Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975). I request that such material be provided on the same basis upon which the government will provide defendant(s) with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that defendant(s) provide the government with the appropriate written notice if defendant plans to use one of the defenses referenced in those rules. Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available. If you have any questions, please feel free to contact me.

Sincerely,

/s/ Anthony L. Franks
Anthony L. Franks
Assistant United States Attorney